**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Charles E Nealy,

Plaintiff,

v.

David Shinn, et al.,

Defendants.

No. CV-20-01123-PHX-DLR (JFM)

**ORDER**

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 77) regarding Plaintiff's motion for leave to file a second amended complaint ("SAC") (Docs. 65, 66). The R&R recommends that the motion be denied. The Magistrate Judge advised the parties that they had fourteen days from the date of service of the R&R to file specific written objections with the Court. Plaintiff filed a "Motion to Reconsider and Provide Leave to File a Second Amended Complaint" on May 13, 2021 (Doc. 84), which the Court considers an objection to the R&R. Respondents filed their response to Plaintiff's objection on June 1, 2021 (Doc. 88). Having considered the objection and reviewed the relevant portions of the R&R *de novo*, *see* Fed. R. Civ. P. 72(b), the Court overrules Plaintiff's objection and adopts the R&R in full.

Sections A and B of Plaintiff's objection recite the history of the case and do not appear to contain any specific objections to the R&R. Plaintiff's objections begin in Section C, where Plaintiff seeks "reconsideration" of the R&R's determination that Count

3 of the proposed SAC fails to state a claim. Plaintiff argues that the proposed SAC contains allegations meeting all elements of an excessive force claim. What he misses, though, is the requirement that a complaint contain allegations of force in a manner or with a purpose that is sufficiently excessive to violate the Eighth Amendment. The R&R contains a thorough review of the allegations in Count 3 to reach its conclusion. First, the R&R correctly found that threats or obscenities are not sufficient to state a claim for excessive force. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). The R&R also correctly found that Plaintiff's allegation that he was "aggressively grabbed" fails to state a claim of excessive force. The law is clear that not every use of physical force violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). The proposed SAC does not allege or describe force that was applied maliciously and sadistically to cause harm, as opposed to force used in a good-faith effort to maintain or restore discipline. *Id.* at 7. Finally, the R&R correctly found that Plaintiff's allegation that he suffered swelling and required treatment because of the placement of handcuffs fails to state a claim of excessive force. The Court agrees with the R&R that the degree of injury, standing alone, does not indicate that the force used in placing the handcuffs was malicious and sadistic.

Section D of Plaintiff's objection addresses the R&R's findings regarding the processing of disciplinary actions. The proposed SAC alleges that Defendants Milligan and Willis instituted the disruption of the prayer service on the false allegation that the service was unauthorized. After reviewing the proposed SAC, the Court agrees with the R&R that the proposed SAC fails to allege facts necessary to state a claim, including the nature of the disciplinary charges, why the charges were false or how they related to First Amendment and RLUIPA protections. Further, although the proposed SAC alleges that, in July 2020, Defendant Pekrol denied Plaintiff's request for witness statement forms in connection with a disciplinary action, the R&R correctly found that Plaintiff fails to allege any harm from the denial of such forms. Finally, although the proposed SAC alleges that the disciplinary actions wrongly resulted in the loss of earned release credits, the R&R correctly determined that Plaintiff's challenges to the results of his disciplinary action are

not cognizable under 42 U.S.C. § 1983 and, instead, must be brought in in a habeas corpus action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." (internal quotation and citation omitted)).

In Section E of his objection, Plaintiff argues that newly discovered evidence warrants the filing of the proposed SAC. However, Plaintiff does not identify the newly discovered evidence upon which he relies. Nor does he explain why this new evidence was not discoverable before he moved for leave to file his proposed SAC, or how it cures the faults with the allegations in First Amended Complaint ("FAC") that the R&R had found failed to state a clam.

Finally, in Sections G and H of his objection, Plaintiff argues that he should be allowed to file the proposed SAC because Defendants will not be prejudiced and because Plaintiff is not seeking to amend in bad faith. But prejudice and bad faith were not the reasons for the R&R's recommendation to deny leave to amend. These arguments therefore are irrelevant.

**IT IS ORDERED** that Plaintiff's objections to the R&R (Doc. 84) is **OVERRULED.**

**IT IS FURTHER ORDERED** that the R&R (Doc. 77) is **ACCEPTED** and Plaintiff's motion for leave to file the SAC (Doc. 65) is **DENIED**.

Dated this 10th day of September, 2021.

Douglas L. Rayes
United States District Judge