**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles E Nealy, Jr., | No. CV-20-01123-PHX-DLR (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 176) regarding Plaintiff's Motion for Leave to File Amended Pleading (Doc. 155) and Motion to Amend Schedule (Doc. 161). The R&R recommends that both motions be denied. The Magistrate Judge advised the parties that they had fourteen days from the date of service of the R&R to file specific written objections with the Court. Plaintiff filed his objections on November 24, 2021. (Doc. 179.) Defendants responded on December 9, 2021. (Doc. 184.) The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b).

Plaintiff's motion to amend seeks to amend his complaint to replace the "John Doe" defendant with the actual name of the officer whom he believes is responsible for the conduct alleged in his amended complaint. The R&R found that the deadline established in the scheduling order for amending pleadings had passed.

Defendants represented in their response to the motion to amend that Plaintiff

should not be allowed to amend past the deadline because he had not been diligent. They represented to the Court that on March 15, 2021, they had supplied Plaintiff with sufficient information to identify the John Doe defendant. They represented that the records they disclosed contained the names of "at least some of the officers who were present at the time of the incident" and had Plaintiff been diligent he could have used those records to discover the true name of John Doe within the scheduling deadline. Accepting Defendants' representations, the R&R found that Plaintiff had not shown the diligence required by Federal Rule of Civil Procedure 16. (Doc. 176 at 4-5.)

At the oral argument of January 27, 2022, Defendants conceded that they were cavalier in their representations to Judge Metcalf about Plaintiff's lack of diligence. Although it might have been theoretically possible for Plaintiff to have identified the John Doe had he access to a means to depose or interview the officers present at the time of the incident disclosed by Defendants, there was no practical means for him to do so. There was nothing more he could have done to be more diligent than he was. Defendants presented an argument that unfairly suggested there were actions Plaintiff could have taken to identify John Doe when, in fact, there was no such action available. Plaintiff was as diligent as he could have been under the circumstances of his self-representation while in confinement and given the formal and informal discovery resources available to him. His motion to amend should not be denied for lack of diligence.

The second issue, though, is whether the motion to amend is futile. "The court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 997, 979 (9th Cir. 1981). To that end, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Id.* (citation omitted). In assessing the propriety of a motion for leave to amend, the court considers factors such as bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the complaint previously has been amended. *See Allen v. City of Beverly Hills*, 911 F.2d 367,

373 (9th Cir. 1990). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 844 (9th Cir. 1995). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "However, leave to amend need not be granted when 'any amendment would be an exercise in futility,'. . . such as when the claims are barred by the applicable statute of limitations." *Hoang v. Bank of America, N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)). Therefore, the standard of review for futility is essentially that undertaken by a court in determining the sufficiency of a pleading in a Rule 12(b)(6) motion to dismiss. *Id.* While, "'it may appear on the face of the pleadings that a recovery is very remote and unlikely[,] . . . that is not the test.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "'The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id*. "In making this determination, the Court must resolve all inferences in favor of granting the motion to amend." *Foster v. Zurich Am. Ins. Co.*, No. CV-09-8161-PCT-PGR, 2010 WL 1780948, at *1 (D. Ariz. May 4, 2010) (citing *Griggs*, 170 F.3d at 880).

Plaintiff's proposed excessive force claim against John Doe is futile. This Court previously determined that:

> The R&R [Doc. 77] . . . correctly found that Plaintiff's allegation that he was "aggressively grabbed" fails to state a claim of excessive force. The law is clear that not every use of physical force violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). The proposed [Second Amended Complaint] does not allege or describe force that was applied maliciously and sadistically to cause harm, as opposed to force used in a good-faith effort to maintain or restore discipline. *Id.* at 7. Finally, the R&R correctly found that Plaintiff's allegation that he suffered swelling and required

>treatment because of the placement of handcuffs fails to state a claim of excessive force. The Court agrees with the R&R that the degree of injury, standing alone, does not indicate that the force used in placing the handcuffs was malicious and sadistic.

(Doc. 134 at 2.)

However, as to the Plaintiff's First Amendment and RLUIPA claims in Counts 1 and 2 against Defendant John Doe, the Court has previously found that Plaintiff has stated claims for allegedly targeting and interrupting Plaintiff's November 22, 2019 prayer service without a legitimate penological interest. (Doc. 11 at 6.) Plaintiff should be allowed to amend his complaint to state the true name of John Doe as to his claims for First Amendment and RLUIPA violations, but not for excessive force. Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (Doc. 179) are **SUSTAINED.**

**IT IS FURTHER ORDERED** that the R&R's recommendation that Plaintiff's Motion for Leave to File Amended Pleading (Doc. 155) be denied is **NOT ACCEPTED**.

**IT IS FURTHER ORDERED** that the R&R's recommendation that Plaintiff's Motion to Amend Schedule (Doc. 161) be denied is **NOT ACCEPTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Pleading (Doc. 155) and related Motion to Amend Schedule (Doc. 161) are **GRANTED IN PART.** Plaintiff may amend his complaint to state the true name of John Doe as to his claims for First Amendment and RLUIPA violations, but not as to his excessive force claim.

**IT IS FURTHER ORDERED** referring this matter back to Magistrate Judge Metcalf.

Dated this 1st day of February, 2022.

Douglas L. Rayes
United States District Judge

- 4 -