**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles E Nealy, | No. CV-20-01123-PHX-DLR (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Reconsider (Doc. 219), wherein Plaintiff seeks reconsideration of the Court's ruling that denied his request to amend his complaint to add C.O.II Hall as a defendant to his excessive force claim. Plaintiff argues that after the Court denied his request to add Hall as a defendant to his excessive force claim, it determined that he had been diligent in seeking Hall's identity and therefore those new facts warranted reconsideration. However, before finding that Plaintiff had been diligent in his efforts to identify the John Doe Defendant, the Court had dismissed the claim for excessive force for substantive reasons. The Court had accepted the recommendation of the R&R and found that the amended complaint against Defendants, including Hall (who was identified as John Doe at the time) was futile. The Court explained in its ruling that Plaintiff's excessive force claim against John Doe is futile:

> The R&R [Doc. 77] also correctly found that Plaintiff's allegation that he was "aggressively grabbed" fails to state a claim of excessive force. The law is clear that not every use of physical force violates the Eighth Amendment. *Hudson v.*

*McMillian*, 503 U.S. 1, 9-10 (1992). The proposed [Second Amended Complaint] does not allege or describe force that was applied maliciously and sadistically to cause harm, as opposed to force used in a good-faith effort to maintain or restore discipline. *Id.* at 7. Finally, the R&R correctly found that Plaintiff's allegation that he suffered swelling and required treatment because of the placement of handcuffs fails to state a claim of excessive force. The Court agrees with the R&R that the degree of injury, standing alone, does not indicate that the force used in placing the handcuffs was malicious and sadistic. (Doc. 134 at 2.)

(Doc. 214 at 3-4.)

**IT IS ORDERED** that Plaintiff's Motion to Reconsider (Doc. 219) is **DENIED**.

**IT IS FURTHER ORDERED** referring this matter back to Magistrate Judge Metcalf.

Dated this 15th day of February, 2022.

Douglas L. Rayes
United States District Judge